

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| *Rebecca Koch* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-4233* |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-4433* |
| *Rebecca.Koch@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

February 17, 2021

### *Via CM/ECF*

The Honorable Catherine C. Blake
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

   Re: *Terri G. Ocampo v. Louis DeJoy*
     Civil No: CCB-19-2875

Dear Judge Blake,

   Pursuant to your February 5, 2021 Correspondence and form scheduling order (ECF No. 28), counsel for Plaintiff and counsel of Louis DeJoy[1] corresponded via telephone on February 17, 2021, and provide the following information:

### I. Early Settlement/ADR Conference

   The Parties do not wish to pursue an early settlement conference/ADR conference as this time.

---

[1] A civil action only may be brought against "the head of the department, agency, or unit . . ." 42 U.S.C. § 2000e-16(c). In this case, the action was brought originally against Megan Brennan, then the Postmaster General for the United States Postal Service. Louis DeJoy took office as the Postmaster General on June 15, 2020. Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity…otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name…." Fed. R. Civ. P. 25. Pursuant to Rule 25(d), Louis DeJoy should be substituted as the official capacity defendant in this action, in place of Megan Brennan.

## II.     Electronically Stored Information

The Parties do not anticipate the need for discovery of electronically stored information in this action.

## III.    Deadlines

The Parties propose a slight modification to the dates in the Scheduling Order as set forth in Exhibit 1.

## IV.    Expert Discovery

The Parties do not anticipate a need to defer expert discovery until after resolution of summary judgment motions.

## V.     United States Magistrate Judge

The Parties do not consent to proceed before a United States Magistrate Judge.

## VI.    Deposition Hours

The Parties believe that 25 hours for depositions of fact witnesses is sufficient.

Very truly yours,

Jonathan Lenzner
Acting United States Attorney

_____/s/_____
Rebecca A. Koch
Assistant United States Attorney