IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRI G. OCAMPO, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. LKG-19-cv-2875 |
| LOUIS DEJOY, POSTMASTER GENERAL | * | |
| Defendant. | * | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff has not established a failure to accommodate because she has not demonstrated her qualification to perform the essential functions of the letter carrier position in varying weather conditions. Plaintiff could not deliver mail on an all-outdoor-walking route in the extreme heat. The accommodation she requested – to be excused from an all-outdoor-walking route in the extreme heat – eliminated an essential function of her job description and was not a reasonable request.

In Plaintiff's Opposition, Plaintiff argues that she mostly was able to deliver and collect mail by foot in varying weather conditions. Plaintiff further argues her request to be excused from an all-outdoor-walking route was reasonable because her request was short-lived, and Defendant's accommodation of rest breaks was not reasonable because breaks interfered with her delivery of the mail. Plaintiff's arguments are without merit and no disputes material of fact stand in this Court's way from granting Defendant summary judgment.

### I. PLAINTIFF'S OPPOSITION DOES NOT ESTABLISH THAT PLAINTIFF WAS QUALIFIED TO PERFORM THE ESSENTIAL FUNCTIONS OF HER POSITION.

### A. Plaintiff Was Not Able to Perform the Essential Function of Delivering Mail by Foot on an All-Outdoor-Walking Route in the Extreme Heat.

Plaintiff concedes that delivery of mail by foot in varying weather conditions is an essential function of the letter carrier position. June 20, 2022 Pl. Opp., ECF No. 44-1, ("Pl. Opp.") at 8. Plaintiff further concedes that letter carrier delivery routes included delivery of mail by foot on "all outdoor walking routes." *Id.* Plaintiff's argument that she could perform such tasks with or without the requested accommodation is belied by the undisputed facts.

Plaintiff glosses over Plaintiff's affidavit testimony where she expressly stated that she could not perform a walking route in the severe heat and required an air-conditioned environment:

> Q.: Please describe what duties, if any, are you not able to perform.
>
> A.: In severe heat, I could not perform my duties on a walking route due to my sugar dropping. I could perform my duties, just not on a walking route.

Ocampo Aff. ¶ 12, ECF No. 43-6.

> Q.: What work-related duties are you required to perform on a daily basis? Are you able to perform them?
>
> A.: Yes I could perform my duties. Walking on a route, delivering packages, picking up collection mail are my duties. I could not do a waking route in severe heat conditions.

*Id.* ¶ 13.

> Q.: What work restrictions do you have as a result of your medical condition?
>
> A.: As of August 30, 2018, the restriction I had was to be offered air-conditioned environment during severe heat conditions.

*Id.* ¶ 14.

At deposition, Plaintiff expressly testified that she was unable to perform an all-outdoor-walking route in severe heat:

> Q. Was it your belief that you were unable to perform an all outdoor walking route in the hot weather?
>
> A. During severe heat, yes, ma'am.

Ocampo Tr. 22:3-6, ECF No. 43-3.

Plaintiff's requested accommodation did not allow her to perform an all-outdoor-walking route; rather, Plaintiff requested to be excused from an all-outdoor-walking route during the severe heat. *See* Ocampo Aff. ¶¶ 16, 21, ECF No. 43-6. Around August 27 or August 28, 2018, Plaintiff "asked Mr. Baldwin if [she] could pick up collection mail, or do apartments because of the heat advisory." *Id*. ¶ 16. During deposition, Plaintiff testified that she requested a route other than an all-outdoor-walking route on or about August 27 due to the heat advisory. Ocampo Tr. 18:13-15; 21:12-18, ECF No. 43-3. She testified that she requested a divided route, *i.e.*, part walking and part apartment buildings, or picking up collection boxes, or businesses, so she could get breaks in an air-conditioned environment. *Id*. 19:13-25 - 20:1-3. On August 31, 2018, Plaintiff "requested to do collection pick up, packages, or apartments because there was a heat advisory put out." Ocampo Aff. ¶ 21, ECF No. 43-6. During deposition, Plaintiff similarly testified that later in the week of August 27, she asked again for a divided route or collections or apartments instead of an all-outdoor-walking route. Ocampo Tr. 23:17-25, ECF No. 43-3.

Plaintiff does not dispute that Plaintiff requested a divided route or collections and apartments during the severe heat instead of an all-outdoor-walking route. *See* Opp. 3-4.[1] Because

---

[1] Plaintiff cites pages 19-23 of Plaintiff's deposition transcript (ECF 43-3) for the statement that Plaintiff requested to return to the Post Office for a break in air conditioning on or about August 27, 2018. *See* Pl. Opp. at 3. The cited pages of Plaintiff's deposition transcript, however, do not support this statement. Additionally, Plaintiff cites pages 27 and 32 of Plaintiff's deposition for the assertion that Plaintiff requested an air-conditioned vehicle for an all-outdoor route, *see* Pl. Opp. at 4, but the cited pages of Plaintiff's deposition transcript do not support this statement.

Plaintiff's requested accommodation eliminated the essential function of delivering mail on an all-outdoor-walking route, Plaintiff could not perform all her essential functions during the hot summer weather, rendering her not qualified for the purposes of the Rehabilitation Act.

That Plaintiff was able to perform all her job functions in moderate weather or some of her functions in extreme weather does not render her qualified for the purposes of the Rehabilitation Act. *See Lewis v. Gibson*, 621 Fed. Appx. 163, 164 (4th Cir. 2015), *cert. denied sub nom. Lewis v. McDonald*, 136 S. Ct. 840 (2016) (plaintiff must be able to perform the essential functions with or without the requested accommodation to establish a claim); *Jacobs v. N.C. Admin. Office of the Cts.*, 780 F.3d 562, 581 (4th Cir. 2015) ("An employer is not required to grant even a reasonable accommodation unless it would enable the employee to perform ***all*** of the essential functions of her position.") (emphasis added). Likewise, Plaintiff's argument that she was able to deliver mail on an all-outdoor-walking route by taking breaks in air conditioning is a red herring. Plaintiff requested an alternate route instead of all-outdoor-walking route with breaks in air conditioning. More importantly, performing essential functions means that an employee is "able to perform those functions without risk of serious physical harm to oneself or others." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1126 (11th Cir. 1993). Plaintiff complained that delivering mail on an all-outdoor-walking route made her ill, *see* Ocampo Aff. ¶¶ 11-14, ECF No. 43-6, and such a route contravened her doctor's recommendations, *see* Baltimore Medical Systems Note, (ECF No. 43-7). As such, she could not perform this essential function of her position.

Plaintiff also incorrectly asserts that her doctor's requested accommodation for Plaintiff to "be able to take more frequent breaks during days with high heat and be offered work in air-conditioned environment" did not prevent Plaintiff from delivering mail in the extreme heat.

4

Plaintiff's requirement for air-conditioning precluded her from delivering mail on any route without an opportunity for air conditioning, such as an all-outdoor-walking route.

## B. Plaintiff's Requested Accommodation—To Be Excused from Certain Essential Functions—Was Not Reasonable.

Plaintiff argues that her request for collection boxes, packages, apartments, a mixed route, or a non-all-outdoor-walking route were reasonable because she only needed such accommodations for a few days of extreme heat and her requests "would only result in slight modification or adjustments to the function of the CCA position." *See* Pl. Opp. at 12.

That Plaintiff could perform some duties in the extreme heat does not render her qualified for purposes of the Rehabilitation. "[A] reasonable accommodation does not require an employer to reallocate essential job functions.'" *Griffin v. Holder*, 972 F.Supp.2d 827, 848 (D.S.C. 2013) (quoting *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. Appx. 314, 323 (4th Cir. 2011) (holding that reducing a school counselor's caseload was not a reasonable accommodation because it would shift her duties to other counselors and increase their workload)). But Plaintiff's request would have required the Postal Service to shift the all-walking route from Plaintiff to another letter carrier. An accommodation that requires the reallocation of essential functions is not reasonable. *See Crabill*, 423 Fed. Appx. at 323; *see also E.E.O.C. v. Womble Carlyle Sandridge & Rice, LLP*, 616 Fed. Appx. 588, 595 (4th Cir. 2015) (finding that where an essential job function was lifting more than 20 pounds, requiring other employees to perform the heavy lifting function was not reasonable).

Similarly, that Plaintiff's inability to perform her essential functions was of short duration does not change the analysis. There is no requirement that the Plaintiff be unable to perform her essential functions for a lengthy period before disqualification from the protections of the

5

Rehabilitation Act, and Plaintiff cites no authority to support such an assertion. *Cf. Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995) (The reasonableness of an accommodation depends on whether it "enables the employee to perform the essential functions of the job in question.").

Plaintiff's request was not reasonable because it eliminated the essential function of delivering mail by foot in the heat, put her in a superior position of "achievement, opportunity, and participation" as compared to other letter carriers, and forced other carriers to pick up the route. *See Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 699 (D. Md. 2005) ("In order to be reasonable, the accommodation must be effective (*i.e.*, it must address the job-related difficulties presented by the employee's disability), and it must allow the employee to attain an 'equal' level of achievement, opportunity, and participation that a non-disabled individual in the same position would be able to achieve."). A letter carrier that cannot perform all her essential functions in the extreme heat is not qualified for purposes of the Rehabilitation Act. *See Sidaris v. Runyon*, 967 F. Supp. 1260, 1267 (M.D. Ala 1997) (letter carrier that could not deliver mail in hot weather was not qualified within meaning of the Rehabilitation Act).

## II. THE POSTAL SERVICE OFFERED REASONABLE ACCOMMODATIONS.

Plaintiff incorrectly asserts that Mr. Baldwin only offered her breaks under shade trees. *See* Pl. Opp. at 13. Plaintiff's own testimony debunks this assertion.

Q. Did Mr. Baldwin tell you [that] you could take as many breaks as you wanted to?

A. Yes, ma'am.

Q. [Y]ou took those breaks. Right?

A. Yes, ma'am.

> Q. [A]n example of that would be when you would go to the Family Dollar or stop in McDonald's or come back to the office for a break in air-conditioning? Correct?
>
> A. Yes, ma'am.
>
> Q. And those breaks in air-conditioning facilitated your completion of your assignment for that day. Correct?
>
> A. Yes, ma'am.

Ocampo Tr. 33: 16-25 – 34:1-7.

Plaintiff further asserts that breaks were not a reasonable accommodation because taking breaks "effectively interrupted" Plaintiff's performance of her job duties. Plaintiff, however, is not entitled to the accommodation of her choosing. *See Reyazuddin v. Montgomery Cnty., Maryland*, 789 F.3d 407, 415 (4th Cir. 2015); *Corrigan v. Perry*, 139 F.3d 888 (Table), 1998 WL 129920 at *9 (4th Cir. Mar. 24, 1998). Breaks were reasonable insofar as breaks enabled Plaintiff to complete her assigned routes. Indeed, all letter carriers were encouraged to take breaks to prevent heat-related illness during hot weather. *See* Baldwin Decl., ROI 110 (ECF No. 44.2) (referencing heat illness prevention safety talks); *see also* Stand-up Talk, ROI 151, attached hereto as Exhibit 1 (discussing taking breaks and resting to avoid heat related illness). In other words, offering Plaintiff breaks afforded Plaintiff the same level of participation and achievement as her fellow letter carriers.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant Defendant's Motion for Summary Judgment.

                                                  Respectfully submitted,

Erek L. Barron
United States Attorney

By:     _____/s/_____
Rebecca A. Koch
Assistant United States Attorney
Bar number: 802108
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
Telephone: (301) 344-4233
Facsimile: (410) 962-2310
rebecca.koch@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2022, a copy of the foregoing Reply in Support of Defendant's Motion for Summary Judgment was served on counsel of record by the Court's CM/ECF system.

/s/
Rebecca A. Koch
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on July 8, 2022, a copy of the foregoing Reply in Support of Defendant's Motion for Summary Judgment was served on counsel of record by the Court's CM/ECF system.

/s/
Rebecca A. Koch
Assistant United States Attorney