# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TERRI G. OCAMPO,    ) | |
|                                  ) | |
|          Plaintiff,          ) | Civil Action No. 19-cv-02875-LKG |
|                                  ) | |
| v.                             ) | Dated: May 1, 2023 |
|                                  ) | |
| LOUIS DEJOY,               ) | |
|                                  ) | |
|          Defendant.       ) | |

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

The remaining claim in this employment discrimination action is Plaintiff, Terri Ocampo's, claim that Defendant, United States Postmaster General Louis DeJoy, failed to make reasonable workplace accommodations to address her diabetes, by declining to make certain modifications to her all-outdoor walking route during a heat advisory, in violation of the Rehabilitation Act of 1973, 29 U.S.C § 794, *et seq*.  ECF No. 26.[1]  Defendant has moved for summary judgment on this claim.  ECF No. 43.  The motion is fully briefed.  *See id.*; ECF Nos. 44, 45.  No hearing is required to resolve the motion.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS** Defendant's motion for summary judgment and (2) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Background[2]

In this employment discrimination action, Plaintiff, Terri Ocampo, alleges that Defendant violated the Rehabilitation Act by declining to make certain modifications to her all-outdoor

---

[1] On January 22, 2021, the Court issued a memorandum opinion and order dismissing Plaintiff's claims in Counts I, III, IV and V of the complaint.  ECF Nos. 26, 27.

[2] The facts recited herein are taken from the parties' statements of undisputed material facts and the complaint.  ECF Nos. 1, 43-1, 44-1.  Unless otherwise stated, the facts are undisputed.

walking mail carrier route during a heat advisory.  *See* ECF No. 1.  As relief, Plaintiff seeks compensatory damages, back and front pay, declaratory relief, attorneys' fees and other costs. *Id.* at Prayer for Relief.

<u>Defendant's Employment History And Job Description</u>

In August 2017, the United States Postal Service ("USPS") hired Plaintiff as a City Carrier Assistant ("CCA").  Ocampo Dep. 14:10-16, ECF No. 43-3.  Throughout her employment, Plaintiff was supervised by three customer service supervisors, Phillip Baldwin, Troy Griffin, and Tashira Jefferies.  *Id.* at 20:18-19, 47:10-11; ECF No. 43-5 at 7.

The USPS's standard job description for the CCA position requires that a CCA deliver and collect mail "on foot or by vehicle under varying road and weather conditions in a prescribed area."  ECF No. 43-4 at 1.  During her deposition, Plaintiff testified that "[w]alking on a route delivering packages [and] picking up collection mail are [her] duties [as a CCA.]"  Ocampo Dep. 58:23-25, ECF No. 43-3.  And so, there is no dispute in this case that a CCA is required to deliver and collect mail on foot in varying weather conditions, including extreme heat.  ECF No. 43-1 at 7-8; ECF No. 44-1 at 8.

<u>Plaintiff's Diabetes</u>

In 2003, Plaintiff was diagnosed with Type I diabetes.  Ocampo Dep. 8:21-22, ECF No. 43-3.  It is undisputed that, by August 2018, Plaintiff was receiving medical care for her diabetes. ECF No. 43-7.

On August 29, 2018, Plaintiff's doctor wrote her a medical note stating in part that:

> [Plaintiff was] currently under [the doctor's] medical care for diabetes. Please make sure patient is able to take more frequent breaks during days with high heat and [can] be offered work in [an] air-conditioned environment, as extreme weather can have [a] negative health impact.

*Id.*; ECF No. 44-6.  During her deposition, Plaintiff testified that she was unable to perform an all-outdoor "walking route due to [her] sugar dropping" during extreme heat conditions.  Ocampo Dep. 22:3-6, 58:23-59:1, ECF No. 43-3.

<u>Plaintiff's Work Performance During A Heat Advisory</u>

Plaintiff's Rehabilitation Act claim centers on her efforts to deliver mail during a four-day period of extreme heat that occurred in August 2018.

In this regard, it is undisputed that, on August 27, 2018, Plaintiff completed an all-outdoor waking route, where she delivered mail on foot during a heat advisory, while periodically taking breaks in an air-conditioned environment. *See id.* at 29:10-12.  Plaintiff alleges that, after becoming ill due to the extreme heat on this day, she contacted her supervisor, Mr. Baldwin, to request a so-called "divided route"—a  route that is part walking and part apartment buildings, or picking up collection boxes, or businesses—to allow for breaks in an air-conditioned environment.  *Id.* at 19:16-20:3; ECF No. 44-1 at 3.  Plaintiff contends that Mr. Baldwin refused her request.  ECF No. 44-5 at 1.  And so, Plaintiff returned to the office for a break in the air-conditioning before completing the all-outdoor walking route on this date.  Ocampo Dep. 29:10-12, ECF No. 43-3.

It is also undisputed that, on August 28, 2018, Plaintiff completed her all-outdoor walking route during the heat advisory, after taking breaks in an air-conditioned environment.  *Id.* at 19:13-16; 20:2-3 (Plaintiff testifying that she reported for work while the heat advisory remained in effect).  Plaintiff alleges that she again asked Mr. Baldwin to assign her to a "divided route," to allow for breaks in an air-conditioned environment, and that Mr. Baldwin again refused to do so.  *Id.* at 20:2-3; *see* ECF No. 44-5 at 3.

Defendant maintains that Mr. Baldwin did, however, allow Plaintiff to take breaks as necessary to complete her all-outdoor walking route on that date.  ECF No. 43-1 at 4; Ocampo Dep. 33:16-21, ECF No. 43-3.  Plaintiff also acknowledged during her deposition testimony that Mr. Baldwin allowed her to take breaks during the days that she completed all-outdoor walking routes while the heat advisory was in effect.  Ocampo Dep. at 33:16-18, ECF No. 43-3 (Plaintiff stating, "Yes ma'am" in response to the question "Did Mr. Baldwin tell you [that] you could take as many breaks as you wanted to?").

The parties also agree that, on August 30, 2018, Plaintiff was assigned an alternate delivery route and an air-conditioned vehicle, and that Plaintiff successfully completed her assigned route on this date.  *Id.* at 25, 30:15-22.  But on the following day, August 31, 2018, Plaintiff was again asked to complete an all-outdoor walking route during severe heat.  *Id.* at

23:17-25, 27:7-9.  It is undisputed that Plaintiff completed this route after taking breaks in an air-conditioned environment.  ECF No. 44-1 at 4, 5.

After Plaintiff unsuccessfully requested to be assigned a divided route assignment during periods of extreme heat, she resigned from the USPS on September 5, 2018.  *Id.* at 5.  Plaintiff contends in this action that Defendant violated the Rehabilitation Act by declining to accommodate this modification to her all-outdoor walking route during periods of extreme heat.  *See* ECF No. 1 at 7; ECF No. 44-1.

### B.    Procedural Background

Plaintiff commenced this action on September 30, 2019.  ECF No. 1.  On May 12, 2022, Defendant filed a motion for summary judgment and a memorandum in support thereof.  ECF Nos. 43, 43-1.

Plaintiff filed a response in opposition to the Defendant's motion on June 20, 2022.  *See* ECF No. 44.  Defendant filed a reply in support of its motion on July 8, 2022.  *See* ECF No. 45.

Defendant's motion for summary judgment having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine

issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B.      Rehabilitation Act

The Rehabilitation Act prohibits federal agencies from discriminating against a qualified individual "solely by reason of her [] disability." 29 U.S.C. § 794(a). To establish a *prima facie* case for failure to accommodate under the Rehabilitation Act, a "plaintiff must demonstrate that (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019), *cert. denied sub nom. Hannah v. Maguir*e, 140 S. Ct. 1294 (2020).

The "essential functions" of a position are "fundamental job duties of the employment position" as determined by, *inter alia*, the employer's judgment of whether a function is essential and written job descriptions. 29 C.F.R. § 1630.2(n). "Reasonable accommodations" are "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. §

5

1630.2(o)(1)(ii).  And so, a reasonable accommodation is one that enables the employee to perform the essential functions of the position.  *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 580 (4th Cir. 2015).  But the Rehabilitation Act does not require an employer to accommodate an employee with a disability by eliminating or changing the essential functions of the position.  *See id.* at 581 ("An employer is not required to grant even a reasonable accommodation unless it would enable the employee to perform all of the essential functions of her position.").

## IV.   LEGAL ANALYSIS

Defendant has moved for summary judgment on the issue of whether Plaintiff can establish a *prima facie* case for failure to accommodate to prevail on her remaining Rehabilitation Act claim.  *See generally* ECF No. 43-1.  In this regard, Defendant argues that the undisputed material facts show that Plaintiff cannot prevail on this claim, because: (1) Plaintiff advances no evidence to show that she was qualified to perform the essential functions of the CCA position with a reasonable accommodation and (2) the undisputed material facts also show that the USPS made a reasonable accommodation to address Plaintiff's diabetes.  *Id.* at 8-13. And so, Defendant requests that the Court enter judgment summarily in his favor on Plaintiff's failure to accommodate claim.  *Id.* at 14.

Plaintiff counters that summary judgment in Defendant's favor is not warranted, because: (1) there are material facts in dispute that preclude summary judgment; (2) she is a qualified individual under the Rehabilitation Act; and (3) Defendant did not offer her a reasonable accommodation.  ECF No. 44-1 at 8-15.  And so, Plaintiff requests that the Court deny the Defendant's motion for summary judgment.  *Id.* at 14.

For the reasons set forth below, the undisputed material facts in this matter show that: (1) completing an all-outdoor walking route in extreme heat is an essential function of the CCA position; (2) Plaintiff could not complete an all-outdoor walking route in extreme heat due to her diabetes; and (3) Plaintiff's requested workplace accommodations were not reasonable, because the accommodations would have eliminated an essential function of the CCA position.  And so, the Court: (1) GRANTS Defendant's motion for summary judgment and (2) DISMISSES the complaint.  *See* Fed. R. Civ. P. 56.

A.    **Plaintiff Cannot Establish A *Prima Facie* Case Of Failure To Accommodate**

The undisputed material facts in this case show that Plaintiff cannot establish a *prima facie* case of failure to accommodate to prevail on her remaining Rehabilitation Act claim, because Plaintiff cannot show that she could perform the essential functions of the CCA position with a reasonable accommodation.  To establish a *prima facie* case for failure to accommodate under the Rehabilitation Act, Plaintiff must demonstrate that: (1) she was a qualified person with a disability; (2) her employer had notice of the disability; (3) she could perform the essential functions of the position with a reasonable accommodation; and (4) her employer nonetheless refused to make the accommodation.  *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019), *cert. denied sub nom. Hannah v. Maguir*e, 140 S. Ct. 1294 (2020).  And so, to prevail on her failure to accommodate claim here, Plaintiff must show, among other things, that she could perform the essential functions of the CCA position with a reasonable accommodation.  *See id.*

The Court agrees with the Defendant that Plaintiff cannot make such a showing in this case for several reasons.

As an initial matter, there is no dispute in this case that completing an all-outdoor walking route in extreme heat is an essential function of the CCA position.  "Essential functions" are "fundamental job duties of the employment position" as determined by, *inter alia*, the employer's judgment of whether a function is essential and written job descriptions.  29 C.F.R. § 1630.2(n).

In this case, Defendant argues, and Plaintiff does not dispute, that delivering mail on foot during extreme weather conditions is an essential function of the CCA position.  ECF No. 43-1 at 7-8; ECF No. 44-1 at 8.  The standard job description for the CCA position also states that a CCA's "functional purpose" is to "deliver[] and collect[] mail on foot or by vehicle under varying road and weather conditions in a prescribed area."  ECF No. 43-4 at 1.

The undisputed material facts also demonstrate that Plaintiff's supervisors considered the ability to deliver mail in extreme heat to be an essential function of the CCA position.  Notably, the evidence shows, that after Plaintiff requested a mail delivery route that would not involve exposure to heat, Mr. Baldwin told her that she was not fit for duty if she could not do a walking

route.  Ocampo Dep. 20:4-5, 24:7-11, ECF No. 43-3.  And so, as reflected in the job description for the CCA position and the judgment of Plaintiff's employer, delivering and collecting mail on an all-outdoor walking route in varying weather conditions is an essential function of the CCA position.

The undisputed material facts also show that Plaintiff could not complete this essential function of the job, due to her diabetes.  As Plaintiff acknowledged in her deposition testimony, Plaintiff was unable to perform an all-outdoor "walking route due to [her] sugar dropping," during extreme heat.  *Id.* at 22:3-6, 58:23-59:1.   The undisputed material facts also show that the note provided by Plaintiff's doctor on August 29, 2018, makes clear that Plaintiff required frequent breaks in an air-conditioned environment on days when there was severe heat due to her diabetes.  *See* ECF No. 43-7; ECF No. 44-6.

The unrebutted evidence in this case also demonstrates that Plaintiff's need to take breaks in an air-conditioned environment during periods of extreme heat precluded her from delivering mail on all-outdoor walking routes without such breaks.  ECF No. 44-1 at 10.  For example, the evidence shows that on August 27, 2018, Plaintiff was able to deliver mail on foot in severe heat, only after taking breaks in an air-conditioned environment.  Ocampo Dep. 19:19-20:3, 29:10-12, ECF No. 43-3.  Similarly, the evidence shows that, on August 28 and 31, 2018, Plaintiff delivered mail in extreme heat on all-outdoor walking routes, but she again required breaks in an air-conditioned environment.  *Id.* at 33:16-34:1-3.  Given this, the undisputed material facts make clear that Plaintiff could not perform the essential function of a CCA—delivering mail on an all-outdoor walking route in severe heat—without taking breaks in an air-conditioned environment.

The unrebutted evidence also shows that Plaintiff's requested accommodations were not reasonable.  "A reasonable accommodation is one that enables the employee to perform the essential functions of the position."  *Jacobs*, 780 F.3d at 580.  But, the Rehabilitation Act does not require that an employer accommodate an employee with a disability by eliminating or changing the essential functions of the position.  *See id.* at 581 ("An employer is not required to grant even a reasonable accommodation unless it would enable the employee to perform *all* of the essential functions of her position.") (emphasis added).

8

Here, the Court agrees with Defendant that Plaintiff's requested accommodations were not reasonable, because these accommodations would eliminate the essential function of the CCA position—delivering mail by foot in varying weather conditions, including severe heat. ECF No. 43-1 at 12; ECF No. 45 at 3.

In this regard, Plaintiff requested the accommodation of a divided route, or picking up collection boxes, to allow for breaks in an air-conditioned environment and she also requested the use of an air-conditioned vehicle during periods of extreme heat. Ocampo Dep. 19:16-20:3, 23:17-25, 27:7-9, ECF No. 43-3. Plaintiff argues that these accommodations are reasonable, because they would make only slight modifications to the USPS's delivery route assignments. *See* ECF No. 44-1 at 13. But, as this Court previously recognized, Plaintiff's requested accommodations would eliminate the essential function of her job as a CCA—that she delivered mail by foot in varying weather conditions, including severe heat. *See* ECF No. 26 at 10-11.

Defendant also persuasively argues that assigning Plaintiff a divided route would improperly require Defendant to reassign the all-walking routes to other letter carriers. ECF No. 45 at 5. As the Fourth Circuit has held, an accommodation that requires the reallocation of essential functions is not reasonable. *See Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. App'x 314, 323 (4th Cir. 2011) (holding that reducing a school counselor's caseload was not a reasonable accommodation because it would shift her duties to other counselors and increase their workload).

Because the undisputed material facts in this case show that: (1) Plaintiff could not perform all of the essential functions of the CCA position and (2) Plaintiff's proposed accommodations were not reasonable, Plaintiff cannot satisfy the third prong for her *prima facie* case for failure to accommodate. And so, the Court must GRANT Defendant's motion for summary judgment and deny this claim.

## V.      CONCLUSION

In sum, the undisputed material facts in this case show that Plaintiff cannot establish a *prima facie* case for failure to accommodate under the Rehabilitation Act. Given this, Plaintiff cannot prevail on the remaining claim in this action.

While the Court would agree with Plaintiff in recognizing that Defendant could have accommodated her diabetes by modifying her delivery routes during periods of extreme heat, the Court finds no obligation for Defendant to do so under the Rehabilitation Act.  And so, for the foregoing reasons, the Court:

1.  **GRANTS** Defendant's motion for summary judgment.

2.  **DISMISSES** the complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge